IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ZACH WESTBROOK, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:14-cv-00131 |
| ADVANCED SOLIDS CONTROL, LLC, | § § § | |
| Defendants. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendant Advanced Solids Control, LLC ("ASC") files this Response to Plaintiffs' Motion for Leave to File First Amended Complaint (the "Motion").[1] For the following reasons, Defendant opposes the Motion:

**I.
PROCEDURAL BACKGROUND**

Over a year ago, Plaintiff Zach Westbrook filed his Original Complaint, on behalf of himself and others similarly situated, on April 21, 2014.[2] On May 27, 2015, Plaintiffs filed a First Amended Complaint.[3] Two days later, on May 29, 2015, Plaintiffs filed the Motion. Plaintiffs concede the Motion should "control" over the First Amended Complaint filed on May 27, 2015 which was "prematurely filed."[4] Under Plaintiffs' proposed First Amended Complaint,

---

[1] D.E. 44.

[2] D.E. 1.

[3] D.E. 43.

[4] D.E. 44 at n.1.

Plaintiffs add claims under the New Mexico Minimum Wage Act ("NMMWA") in addition to their previously asserted Fair Labor Standards Act ("FLSA") claims.[5]

## II.
## ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 15 governs whether a party should be granted leave to amend its pleadings. In general, application of FRCP 15 will favor granting leave of court to amend however, leave is not automatic. *Matter of Southmark Corp*., 88 F.3d 311, 314 (5th Cir. 1996). "In deciding whether to grant leave to amend a complaint, the trial court may consider such factors as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue *prejudice to the opposing party*, and *futility of amendment*" (emphasis added). *Id*. at 314-15.

One example of futility of amendment is attempting to add claims that would be subject to dismissal on preemption grounds. *Simmons v. Sabine River Authority Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013). Another example is where a plaintiff does not demonstrate a plausible claim for relief through claims made under the statutes it seeks to add to the complaint. *See, e.g., Joseph v. Boise State University*, 998 F.Supp.2d 928, 934-35 (D. Idaho 2014).

For the reasons set forth below, this Court lacks supplemental jurisdiction over the NMMWA claims and should decline to exercise such jurisdiction over these New Mexico state law claims Plaintiffs attempt to assert under their proposed First Amended Complaint.

---

[5] D.E. 44.

2

001195/000004
375 - 1513643v2

### A. Since the FLSA Preempts Plaintiffs' State Law Claims, Amendment of Plaintiffs' Complaint is Futile and will Prejudice Defendant.

In their proposed First Amended Complaint, Plaintiffs seek to add claims under the NMMWA alongside their currently pled federal FLSA claims. The FLSA is traditionally known as an "opt-in" *collective* action statute, whereby potentially affected workers are notified of a conditionally certified class suit and are given the opportunity to consent to join in such suit. *See* 29 U.S.C. §216(b). In contrast, NMMWA state law claims are pursued as a *class* action under Federal Rule of Civil Procedure 23 ("Rule 23") whereby workers are included in the conditionally certified class suit unless they expressly "opt-out" of such suit. The federal FLSA and the state NMMWA claims have a fatal conflict in their procedural operation. Clearly, pursuit of Plaintiffs' claims on an opt-out rather than opt-in basis prejudices Defendant.[6]

While a federal court can maintain both state law and federal law claims under its supplemental jurisdiction, it has the discretion to decline to exercise such jurisdiction under certain circumstances. *See Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182-83 (M.D. Pa. 2008) (incompatibility of a Rule 23 class action and Section 216(b) collective action was a compelling reason to decline jurisdiction). In a previous Texas case, a plaintiff attempted to bring both a federal FLSA claim and a claim under a similar Texas statute (a provision of the Texas Government Code) alleging a failure to pay overtime wages for overtime hours worked. *See Jackson v. City of San Antonio*, 220 F.R.D. 55, 59-60 (W.D. Tex. 2003). The *Jackson* court found that allowing both the FLSA and state law claims would create a conflict between an "opt-

---

[6] In the four months after the Court conditionally certified this case on January 5, 2015 (D.E. 22), 30 additional Plaintiffs consented to join this lawsuit (three of these Plaintiffs consented after the March 31, 2015 deadline to return consent forms to opt-in). Notice of the opportunity to consent was sent to 131 of Defendant's independent contractors.

3

in" and "opt-out" statute and thus, declined to exercise supplemental jurisdiction over parties who belonged to the "opt-out" class. *See id.* In doing so, the *Jackson* court noted (i) the FLSA precludes the use of an "opt-out" class structure (opining "[r]arely is a rule stated with such clarity") and (ii) "the simultaneous management of the two "irreconcilable" procedures for class formation is unwieldy…" *Id.* at 58.

The procedural difference in the state law claims incorporated under Rule 23 and the FLSA collective action thus becomes a form of conflict preemption, which "occurs where compliance with both federal and state regulation is a physical impossibility[] and those instances where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress." *See Simmons*, 732 F.3d at 473-474; *see also Karna v. BP Corp. North America, Inc.*, 11 F.Supp.3d 809, 816 (S.D. Tex. 2014). Other jurisdictions have echoed this sentiment, finding that simultaneous prosecution of the opt-in FLSA and an opt-out class action frustrates congressional intent and circumvents the FLSA's opt-in mandate. *See, e.g., Woodard*, 250 F.R.D. at 183-191; *In re American Family Mut. Ins. Co. Overtime Pay Litigation*, 638 F.Supp.2d 1290 (D. Colo. 2009); *Daprizio v. Harrah's Las Vegas, Inc.*, 2010 WL 5099666 (D. Nev. 2010); *Bell v. Citizens Financial Group, Inc.*, 2011 WL 2261117 (W.D. Pa. 2011).

While some jurisdictions find Rule 23 and Section 216(b) actions to be compatible,[7] Defendant believes such decisions are incorrect and encourage a dangerous precedent. Congress's intent in enacting the opt-in provision of the FLSA is to prevent excessive litigation brought by plaintiffs without any personal interest in the case. *See Hoffman-La Roche Inc.*, 493

---

[7] *See, e.g., Busk v. Integrity Staffing Solutions, Inc.* 713 F.3d 525 (9th Cir. 2013); *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3rd 2012); and *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971 (7th Cir. 2011).

001195/000004
375 - 1513643v2

U.S. 165, 173 (1989) ("[t]he relevant amendment was for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers of the burden of representative actions."). To allow additional wage and hour plaintiffs to automatically be included in a Rule 23 action completely undercuts the procedural mandate of the FLSA and renders it irrelevant. *See Powers v. Centennial Communications Corp.*, 679 F.Supp.2d 918, 927-28 (N.D. Ind. 2009). Additional Rule 23 plaintiffs will almost certainly outnumber the current 31 collective action Plaintiffs and thus make this litigation far more burdensome on Defendant and this Court and is a consequence contrary to that anticipated by the drafters of the FLSA. *See id*.

In this case, Plaintiffs have an adequate remedy under the FLSA. The addition of irrelevant state law claims is merely being used to create an opt-out class in this FLSA case. The Fifth Circuit Court of Appeals finds that such use of state law claims is preempted by the FLSA.[8] Since adding preempted state law claims to this suit would be futile, Plaintiffs should be denied leave to amend their complaint.

**B. Amendment of the Complaint is Futile Because the Solids Control Technicians are Exempt under New Mexico Wage and Hour Law.**

**1. New Mexico Wage and Hour Law does not Apply to Independent Contractors.**

Amendment of the Complaint is futile, because Plaintiffs do not present a plausible claim for relief under the NMMWA. The NMMWA only applies to the employer/employee relationship and not to independent contractors. *See* NMMWA § 50-4-22. In defining the term "independent contractor," New Mexico looks to the Internal Revenue Service ("IRS") for

---

[8] *Simmons*, 732 F.3d at 478.

001195/000004
375 - 1513643v2

guidance. *See* NM Admin. Code § 11.1.4.7(E) ("independent contractor" is a person who works free from the control of the employer as defined by the Internal Revenue Service).[9]

ASC was previously audited by the IRS to determine if its solids control technicians were employees or independent contractors of ASC.[10] After its investigation, the IRS made no change to the independent contractor worker classification.[11] Additionally, the Texas Workforce Commission ("TWC") (the Texas wage and hour agency) evaluated the worker status of the solids control technicians and found that they were not in ASC's employment.[12] The TWC uses a 20 factor test substantially similar to the IRS test.

The status of the solids control technicians has been heavily scrutinized by multiple agencies. These agencies recognized that such technicians are independent contractors. There is no reason to believe a different conclusion would be reached under a New Mexico statute that looks to the IRS for guidance. Since this issue has been previously determined, Plaintiffs proposed claim under the NMMWA is not plausible on its face and amendment of the complaint should therefore be denied as futile.

---

[9] The IRS test to determine if a worker is an independent contractor or employee includes factors relating to (i) behavioral control, (ii) financial control, and (iii) relationship of the parties.

[10] All declarations cited in this response are references to declarations attached to Plaintiff's Motion for Conditional Certification (D.E. 10) or Defendant's response to the Motion for Conditional Certification (D.E. 14).

*See* Exhibit F to the Declaration of Gary Sweetman.

[11] *Id*.

[12] *See* Exhibit E to the Declaration of Gary Sweetman.

6

001195/000004
375 - 1513643v2

## 2. New Mexico Wage and Hour Law does not apply to Workers Paid on a Flat Rate Basis.

The solids control technicians are also exempt under the NMMWA because such technicians are paid a daily flat rate for all time worked. Section 50-4-22 of the NMMWA regarding "[m]inimum wages" provides:

> An employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours.

However, Section 50-4-21 of the NMMWA, specifically Section C(5), excludes the following employees from Section 50-4-22 coverage (and Sections 50-4-19 through 50-4-30 of the NMMWA):

> (5) salespersons or employees compensated upon piecework, flat rate schedules or commission basis.

While the terms "piecework" and "flat rate" are not well defined, a few New Mexico opinions have addressed these terms, finding plaintiffs who were paid a predetermined wage were paid on a "piecework" or "flat rate" basis. *See Olivio v. Crawford Chevrolet Inc*., 799 F.Supp.2d 1237, 1242 (D.NM 2011) and *Casias v. Distribution Management Corp., Inc.*, No. 11-00874 (D.NM. March 27, 2013) ("The common definition of piecework, however, is 'work done by the piece and paid at a set rate per unit.'"). The *Olivio* and *Casias* courts had little difficultly determining the workers in those cases were paid a flat rate. What those courts struggled with was the fact that the workers in both cases were required by their employer to spend their downtime with their respective companies without compensation and without the freedom to conduct personal business. *See id.* The *Olivio* and *Casias* courts couldn't overcome these

7

complicating circumstances and, therefore, they delayed ruling on whether the workers were employees for purposes of the NMMWA. *See id*. This, however, is not at issue in this case.

Determining whether the flat rate exemption applies to Westbrook (and the other solids control technicians) is straightforward. In his Declaration, Westbrook's admits he was paid a flat daily rate (i.e., a set rate per unit):

Advanced paid me and the other SCTs a day rate. I was hired at $300 per day.[13]

Unlike the above cited New Mexico cases, there are no complicating circumstances. ASC does not require solids control technicians to stay on-site with the company. While the solids control technicians may have some downtime during or in-between jobs, these technicians are (i) compensated for any downtime, (ii) allowed to leave the well-site, and (iii) free to conduct their personal business.[14]

In addition to being excluded from NMMWA coverage based on independent contractor status, since ASC's solids control technicians are paid on a daily flat rate basis (as admitted by Westbrook), they are also exempt under Section 50-4-21(C)(5) of the NMMWA. Plaintiffs' proposed overtime claim under the NMMWA is therefore not plausible on its face and amendment of the complaint would be futile.

### III.
### MOTIONS TO STRIKE PLAINTIFFS' CERTIFICATE OF CONFERENCE

Under Local Rule 7(D) a certificate of conference should merely contain an averment that (i) the movant has conferred with the respondent and (ii) counsel cannot agree about the disposition of the motion.

---

[13] *See* Declaration of Zach Westbrook ¶3.

[14] *See* Declaration of Harvey Rodriguez ¶22.
8

In the Certificate of Conference for the Motion, Plaintiffs' counsel states:

> This is to certify that on May 28, 2015, Counsel for Plaintiffs, Richard Burch, conferred with counsel for the Defendant, Michael Seale, to determine whether he agreed or opposed this motion. Mr. Seale ultimately **stated that his client will win on the merits and as such, they oppose this motion**.

(Emphasis added). Mr. Burch's statement "Mr. Seale ultimately stated that his client will win on the merits and as such, they oppose this motion" is a mischaracterization of Mr. Seale's communications to Mr. Burch and is inappropriate for a certificate of conference. Mr. Seale advised Mr. Burch, in a long email, that "[i]n response to your request for opposition/nonopposition to a motion for leave to amend Plaintiff's Complaint, we are opposed to your motion for the following reasons" and then set forth all of the reasons contained in this response, which predominantly addressed jurisdictional grounds for opposing the lawsuit amendment. The above statement in Plaintiffs' Certificate of Conference goes well beyond the parameters of Local Rule 7(D). Defendant respectfully requests the Court strike Plaintiffs' statement described above.

## IV.
## CONCLUSION

Plaintiffs' seeks to add claims under the NMMWA to create a new "opt-out" class of plaintiffs. Allowing this amendment would then create an unwieldy procedure for class certification and allow Plaintiffs to circumvent the requirements of the FLSA. Because the FLSA preempts the addition of Plaintiffs' state law claims and the New Mexico claims are not plausible or viable on their face, this court should decline to exercise supplemental jurisdiction over such claims. Plaintiffs, therefore, should not be permitted to amend their complaint to add the NMMWA claims.

For the foregoing reasons, Defendant requests that Plaintiffs' Motion for Leave to amend be denied and that the Certificate of Service in the Motion for Leave be struck.

>Respectfully submitted,
>
>CRAIN, CATON & JAMES, P.C.
>
>By: *s/ Michael D. Seale*
>MICHAEL D. SEALE
>State Bar No. 00784938
>Federal ID No. 18556
>Email:  mseale@craincaton.com
>JULIANN H. PANAGOS
>State Bar No. 06861100
>Federal ID No. 9083
>Email:  jpanagos@craincaton.com
>CORY R. THORNTON
>State Bar No. 24079465
>Federal ID No. 1366994
>Email:  cthornton@craincaton.com
>1401 McKinney Street, Suite 1700
>Houston, Texas  77010
>Telephone:  713-658-2323
>Facsimile:  713-658-1921
>
>ATTORNEYS FOR DEFENDANT
>ADVANCED SOLIDS CONTROL, LLC

## CERTIFICATE OF SERVICE

I certify a copy of Defendant's Response to Plaintiff's Motion for Leave to File First Amended Complaint was filed electronically with the Clerk via the CM/ECF system on the 19th day of June 2015. Notice of this filing will be sent to the following counsel of record in the manner stated.

ELECTRONICALLY VIA THE CM/ECF SYSTEM:

Richard J. (Rex) Burch
Mike Schuster
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

Michael A. Josephson
Andrew W. Dunlap
Lindsay R. Itkin
Fibich, Leebron, Copeland, Briggs & Josephson, LLP
1150 Bissonnet
Houston, Texas 77005

*s/ Juliann H. Panagos*
Juliann H. Panagos / Michael D. Seale