UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ZACH WESTBROOK, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-131 |
| | § | |
| ADVANCED SOLIDS CONTROL, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT

Pending is Plaintiff's Motion for Leave to File First Amended Complaint (D.E. 44). The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636. Defendant filed a response (D.E. 47). After a hearing on the motion, both parties filed additional briefing. (D.E. 52, 53). Having considered the parties' briefing, arguments, applicable authorities, and for the reasons set forth below, the motion is **DENIED**.

### I.   BACKGROUND

Plaintiff Zach Westbrook filed a Complaint on April 21, 2014 on behalf of himself and similarly situated employees of Defendant Advanced Solids Control, LLC alleging Defendant failed to pay its solids control technicians overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (D.E. 1). Defendant is an oilfield service company headquartered in Corpus Christi, Texas, with operations in Texas and

New Mexico. (D.E. 1, 6). Defendant maintains Plaintiffs are independent contractors not subject to the FLSA provisions cited by Plaintiff. (D.E. 6).

Plaintiff brought the case as an "opt in" collective action under the FLSA. Defendant filed an answer on May 20, 2014 (D.E. 6). The parties' Joint Discovery/Case Management Plan was filed on July 11, 2014. (D.E. 7). United States District Judge Nelva Gonzales Ramos entered an Agreed Briefing Schedule for Conditional Certification on July 23, 2014. (D.E. 8). On December 12, 2014, a hearing was held on Plaintiff's Motion for Conditional Certification (D.E. 10) and Judge Ramos granted the motion. On January 5, 2015, Judge Ramos signed an order setting March 31, 2015, as the deadline for putative class members to opt in to the lawsuit. (D.E. 22). There are currently 31 plaintiffs in this action, Mr. Westbrook and 30 opt-in Plaintiffs. The deadline for Plaintiffs to opt-in expired on March 31, 2015. (D.E. 22).

On May 29, 2015, over a year after filing the Original Complaint, Plaintiffs filed their Motion For Leave to File First Amended Complaint. (D.E. 44). Defendant filed a response in opposition. (D.E. 47). A hearing was held before the undersigned Magistrate Judge on July 2, 2015, where the parties presented their respective arguments. The parties have since filed additional briefing. (D.E. 52, 53).

In the proposed amended complaint (D.E. 43), Plaintiffs seek to add state law claims under the New Mexico Minimum Wage Act, NMSA § 50-4-19 *et seq.* invoking supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The proposed amendment would not only add a state law cause of action for some of the existing Plaintiffs, but it would also alter the scope and course of the litigation. In this amendment, Plaintiffs seek to

bring their originally filed FLSA opt-in cause of action simultaneously with a traditional opt-out class action lawsuit under Rule 23 of the Federal Rules of Civil Procedure. The case was not originally filed as a Rule 23 class action. Plaintiff describes the New Mexico Class as, "All shift-rate solids control technicians who worked for Advanced in New Mexico while classified as independent contractors in the last 3 years." (D.E. 43, p. 2). The cause of action for the Rule 23 New Mexico Class Members would be based on alleged violations of New Mexico labor laws. In this amendment, Plaintiffs' seek, among other things:

> An order certifying Westbrook's claims under the NMMWA as a class action under Rule 23, appointing Westbrook as the class representative and appointing his counsel as Class Counsel.

If the motion to amend is granted, Plaintiffs' case would proceed as a collective action under the FLSA and as a class action under Rule 23. The parties disagree about whether it is appropriate for this case to proceed as an FLSA collective action at the same time as a Rule 23 class action. Defendant raises a number of arguments against allowing the amendment, including: (1) allowing the amendment would be futile because the FLSA pre-empts Plaintiffs' state law claims and solids control technicians are exempt under New Mexico wage and hour law; and (2) FLSA collective actions are incompatible with Rule 23 claims under state law. Plaintiffs cite a number of cases where district courts have allowed other plaintiffs to proceed concurrently with FLSA collective action claims and Rule 23 class actions claims. While the parties disagree on the state of the law, they are in apparent agreement that the issues have not been squarely addressed by

the United States Court of Appeals for the Fifth Circuit or in an opinion of a United States District Judge in the Southern District of Texas. However, the undersigned need not resolve the issues of preemption or whether FLSA collective actions are incompatible with Rule 23 claims under state law because the motion can be resolved by applying analysis applicable to Rule 15 of the Federal Rules of Civil Procedure.

## II.     LEGAL STANDARD

Generally, Rule 15(a) governs amendment of the pleadings before trial and within scheduling order deadlines. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the court's leave, and provides that leave should be given "freely ... when justice so requires." Fed. R. Civ. P. 15(a). The Court may consider a variety of factors in exercising its discretion, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Group, L.P.,* 427 F.3d 987, 994 (5th Cir. 2005). There is a "bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 872 (5th Cir. 2000) (*quoting Martin's Herend Imp., Inc.,* 195 F.3d 765, 770 (5th Cir. 1999)). A district court will not deny leave to amend unless there is a "substantial reason" to do so. *Id.*

## III.    ANALYSIS

Among the factors to be considered, the undersigned Magistrate Judge does not find bad faith or dilatory motive on the part of the movant or repeated failures to cure

deficiencies by amendments previously allowed. Further, the motion to amend was filed within the deadline set in the scheduling order, albeit only two days before the deadline. (D.E. 40, 44). Weighing against allowing the amendment is the delay in filing the motion and the procedural posture of the case. The District Court set a deadline of January 16, 2015 for Defendant to provide Plaintiff a list of potential opt in plaintiffs, a deadline of January 30, 2015 to send notice of the collective action and notice of consent form for potential plaintiffs, and a deadline of March 31, 2015 for putative class members to return consent forms to opt in to the lawsuit. (D.E. 22). The Notice Of Collective Action defined the putative class as: "All persons who worked for Advanced Solids Control, LLC (Advanced) as a Centrifuge Technician, Solids Control Technician, or 'Sit Hand' at any time during the three years preceding the date of this Notice." (D.E. 22, p. 2). The case in its current form has 31 plaintiffs and is on course to move forward efficiently in accordance with the parties' case management plan[1] and the Court's scheduling order. (D.E. 7, 40).

The proposed amended complaint seeks to create an additional separate class, referred to by Plaintiff as the New Mexico Class. Plaintiffs submit the New Mexico Class be defined as: "All shift-rate solids control technicians who worked for Advanced in New Mexico while classified as independent contractors in the last three years." (D.E. 43, p. 6). Plaintiffs propose that the New Mexico Class proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure simultaneously to the FLSA

---

[1] The case management plan includes a section for class action related issues. Plaintiff stated, "Plaintiff contends this case should be certified as a collective action under 29 U.S.C. § 216(b)." (D.E. 7, ¶ 8). There was no discussion or mention of potential Rule 23 class action claims.

collective action.  Plaintiff is correct that the District Court is capable of applying New Mexico state law and that district courts routinely interpret laws of foreign countries and sister states, and in this case, that of New Mexico.  However, the ability of the Court to adjudicate state law claims and apply the laws of New Mexico does not resolve the issue of whether the amendment to the complaint should be granted in this instance. In setting the briefing deadline, scheduling order, and managing its docket, the District Court certainly did not contemplate that it was presiding over a Rule 23 class action lawsuit.  Plaintiff acknowledges that the number of opt in plaintiffs in this case is in line with the typical FLSA case according to empirical research.  (D.E. 53, p. 6).   However, among the prerequisites to a Rule 23 class action is that "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a).  Without deciding whether this prerequisite is applicable in the present action, allowing Plaintiffs' proposed claims under the New Mexico Minimum Wage Act to be litigated as a Rule 23 class action would significantly alter the scope and course of the present case.   The case has been before the District Court for over a year and has been litigated by the parties and managed by the Court as Fair Labor Standards Act case.  Allowing the amendment would very likely transform the case midstream from a relatively small and straight forward opt-in FLSA collective action case with 31 plaintiffs to a significantly more complex state law labor opt-out class action lawsuit.  This change of course was not anticipated by the parties or the Court at this stage of the litigation.

     Regarding prejudice to Defendant, the Defendant is prejudiced in the same manner as the Court in terms of case preparation, planning, and efficiently allocating and

managing its resources and dealing with the inevitable delays caused by allowing the amendment. Defendant is capable of litigating against the proposed additional claims in the current forum, but whether it should be required to at the current stage of the case is a separate matter. The undersigned believes Defendant should not be compelled to do so. Denying the amendment will not result in hardship to Plaintiffs. Plaintiffs' counsel has expressed a willingness to pursue the state law claims under the New Mexico Minimum Wage Act in state court in New Mexico. The Plaintiffs who would be characterized as the New Mexico Class Members have the ability to pursue their claims in state court in an appropriate forum.

Finally, the undersigned acknowledges the bias in favor of granting leave to amend, however, Plaintiff has not articulated a reason to grant the amendment or an explanation why the amendment is sought at this stage of the litigation. The undersigned finds there is a substantial reason to deny Plaintiffs' motion to amend its complaint.

## IV.   CONCLUSION

Plaintiff's Motion For Leave to File First Amended Complaint (D.E. 44) is **DENIED.**

**ORDERED this 15th day of July, 2015.**

*Jason Libby*
**Jason B. Libby**
**United States Magistrate Judge**