Case 2:14-cv-00131   Document 74   Filed in TXSD on 12/18/15   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 18, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ZACH WESTBROOK, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-131 |
| | § | |
| ADVANCED SOLIDS CONTROL, LLC, | § | |
| | § | |
| Defendant. | § | |

### ORDER ON PENDING DISCOVERY MOTIONS

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Plaintiff Zach Westbrook filed this suit against Advanced Solids Control, LLC to recover unpaid overtime wages alleged to be owed to him and other similarly situated solids control technicians employed by Defendant. Defendant denies these claims arguing Plaintiff was an independent contractor not subject to the overtime provisions of the FLSA. The case was conditionally certified as a collective action and 30 Plaintiffs have opted in to the lawsuit by filing notices with the Court. Pending is Plaintiffs' Motion For Protective Order regarding Representative Discovery (D.E. 68) and Defendant's Opposed Motion to Compel Discovery Responses (D.E. 62). The motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636. The parties have filed responses and replies to each and a hearing was held on December 17, 2015. Having considered the parties' motions, the arguments of counsel and the applicable authorities and for the reasons set forth on the record, each

of the motions is **GRANTED in part and otherwise DENIED without prejudice** as set forth in more detail below.

The issue currently before the Court involves the manner and scope of discovery. The Defendant seeks the ability to conduct individual discovery for each of the 31 Plaintiffs. Plaintiffs seek to limit discovery to a representative sub-class of six Plaintiffs. Both sides have cited, and the Court has considered, the authority supporting their respective positions. The undersigned finds allowing representative discovery in a collective action brought pursuant to the FLSA is a matter within the discretion of the Court authorized by Rule 26 of the Federal Rules of Civil Procedure and is consistent with the FLSA. *See Nelson v. American Standard*, Nos. 2:07-CV-10-TJW-CE, 2:08-CV-390-TJW-CE, 2009 WL 4730166, at *2-3 (E.D. Tex. Dec. 4, 2009)(*citing Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006)).

Discovery should be conducted in a manner that fits the facts and circumstances of the case and should be proportional to the needs of the case. Representative discovery is appropriate in this instance because it minimizes the burden to Plaintiffs while allowing Defendant a sufficient opportunity to conduct discovery and develop the evidentiary basis for presenting its defenses. Further, Defendant, as the former employer, is in a position to have a significant amount of the factual information underlying each of the plaintiff's wage claims. It appears each of the plaintiffs was designated as an independent contractor by Defendant, and while their individual circumstances may vary, it is likely that discovery limited to a sub-class will provide the parties with sufficient information to prosecute and defend their respective cases.

Therefore, it is **ORDERED** that discovery as to Plaintiffs shall be limited to ten of the Plaintiffs. Five Plaintiffs shall be chosen by Plaintiffs' counsel and five shall be chosen by Defendant's counsel.

While the Court has declined to order individual discovery of each of the Plaintiffs, Defendant has established that the production of the tax returns for each of the Plaintiffs is reasonable and not overly burdensome. Therefore, it is further **ORDERED** that Plaintiff Westbrook and each of the opt-in Plaintiffs produce their federal income tax returns for the tax years corresponding to their claims for relief.

All other relief not specifically addressed herein or on the record is **DENIED without prejudice**. The parties are ordered to confer on the remaining issues.

ORDERED this 18th day of December, 2015.

_____
Jason B. Libby
United States Magistrate Judge